**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering, Esq. (SBN 122509)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Email: jerrysteering@yahoo.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, Esq. (SBN. 277669)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiff Jessica Perez

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA PEREZ, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES FOR: |
| vs. | 1. Excessive / Unreasonable Force (U.S. Const. Amend. 4); |
| CITY OF FONTANA; ALEX MILLAN; and DOES 1 through 10, inclusive, | 2. Unreasonable Seizure (U.S. Const. Amend. 4); |
| Defendants. | 3. Deprivation of Due Process (U.S. Const. Amend. 14); |
| | 4. Municipal Liability (*Monell* Liability) For Failure To Train And/Or Discipline Deputies And Officers (U.S. Const. Amends. 4 & 14); |

5.  Municipal Liability (*Monell* Liability) For Custom / Practice / Policy (U.S. Const. Amends. 4 & 14);

6.  Violation of Cal. Civil Code § 52.1;

7.  Violation of Cal. Civil Code § 1708.5;

8.  Battery (California Law);

9.  Negligence.

**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff Jessica Perez and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of San Bernardino, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      As Plaintiff's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the Plaintiff's federal question claims, this court has jurisdiction over the

COMPLAINT FOR DAMAGES

Plaintiff's California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*.

4.     Plaintiff has complied with the California Tort Claim Act. Plaintiff timely submitted his claim for damages for to the City of Fontana and timely filed this lawsuit after the City of Fontana denied Plaintiff's claim.

## **GENERAL ALLEGATIONS**

5.     Plaintiff Jessica Perez ("PEREZ"), is a natural person, who, at all times complained of in this action, resided in the County of San Bernardino, State of California.

6.     Defendant City of Fontana, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

7.     Defendant Alex Millan, hereinafter also referred to as "MILLAN" is and at all times complained of herein, was, a peace officer, a police officer, employed by the Fontana Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course and within the scope of his employment with Defendant CITY.

8.     Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or deputy sheriffs and/or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Fontana Police

COMPLAINT FOR DAMAGES

Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend her complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

9.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Fontana Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

10.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Fontana Police Department and/or defendant City of Fontana, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate

COMPLAINT FOR DAMAGES

officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Fontana Police Department for, *inter alia*,: 1) using excessive force upon persons; 2) for unreasonable seizures persons; and 3) covering up tortious conduct by Fontana Department peace officers.

11.    At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Fontana Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

12.    At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace

officers, with the Fontana Police Department and/or otherwise with defendant CITY[1].

13.    Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend her complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

14.    In addition to the above and foregoing, Defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of her federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

15.    Defendants DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

16.    Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation

---

[1] Such as a CITY executive officer.

COMPLAINT FOR DAMAGES

6

of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth Amendment Rights -**
**Excessive/Unreasonable Use of Force on Person**
**(Against MILLAN and DOES 1 through 6, inclusive)**

17.    Plaintiff hereby reallege and re-incorporate by reference the allegations set forth in paragraphs 1 through 16 inclusive, above, as if set forth in full herein.

18.    On January 13, 2023, Plaintiff PEREZ was at work when her son called her to tell her that the Fontana Police Department was at their home alleging that a stolen laptop was inside of their home.

19.    Defendants MILLAN and DOES 1 through 6, inclusive, then entered Plaintiff's home and confiscated two laptops.

20.    Neither Plaintiff nor her son knew that one of the laptops was stolen. The laptop in question was a gift from Plaintiff's son's father.

21.    Plaintiff arrived at her home as the officers were leaving. While MILLAN and DOES 1 through 6, inclusive, were still at her home, she was given their cards and phone numbers.

22.    After MILLAN and DOES 1 through 6, inclusive, left her home, PEREZ received a text message from MILLAN stating, "Thank you for returning the laptop. If you need anything else, call me." PEREZ responded to MILLAN via

text message asking why her father was placed in handcuffs while the officers entered her home.

23.    Defendant MILLAN then sent a text message to PEREZ stating that he had her pink laptop and that he could return it to her. MILLAN asked PEREZ where they could meet so that he could return the laptop to her. PEREZ told MILLAN that they could either meet at the police station or he could return it to her apartment.

24.    Defendant MILLAN then arrived at Plaintiff PEREZ' home at approximately midnight and told her not to let anyone know that he was there.

25.    Plaintiff told Defendant MILLAN that she was scared that he was going to arrest her. Defendant MILLAN ordered Plaintiff to get inside of his car. Plaintiff complied.

26.    Once PEREZ was inside of MILLAN's vehicle, MILLAN aggressively drove away from PEREZ' home.

27.    MILLAN drove to a nearby gas station and parked behind the station. PEREZ was scared and told MILLAN to take her back to her home.

28.    MILLAN then ordered PEREZ to give him her phone. PEREZ complied and gave him her phone. MILLAN then began looking at all of the pictures on PEREZ' phone.

29.    MILLAN then began driving the vehicle away from the gas station.

30.    While driving, MILLAN asked PEREZ, "So what are you going to do

for me? You don't seem to appreciate that I haven't arrested you."

31.    PEREZ responded, "I'm not going to do anything for you."

32.    MILLAN then drove the vehicle back to PEREZ' home.

33.    Once they arrived at her home, but still inside of MILLAN's vehicle, PEREZ asked for her laptop back. MILLAN responded, "What, you don't like to have sex?" MILLAN then asked PEREZ if he could "finger" her.

34.    PEREZ told MILLAN that she did not want to have sex with him and that he could not "finger" her.

35.    MILLAN then reached over towards PEREZ, pulled down her leggings and began touching her vagina.

36.    PEREZ then opened the door and ran away from MILLAN's vehicle.

37.    MILLAN then sped off from PEREZ' home in his vehicle.

38.    As a result of the brutal and unreasonable force used upon Plaintiff PEREZ, she suffered serious injuries to her shoulder.

39.    The actions of Defendants MILLAN and DOES 1 through 6, inclusive, as complained above herein, constituted a violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon her person.

40.    As a direct and proximate result of the actions of Defendants MILLAN and DOES 1 through 6, inclusive, Plaintiff was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and

psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $7,000,000.00.

41.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights –
### Unlawful / Unreasonable Seizure of Person
### (Against MILLAN and DOES 1 through 6, inclusive)

42.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 41, inclusive, above, as if set forth in full herein.

43.    As complained of herein above, Defendants MILLAN and DOES 1 through 6, inclusive, seized Plaintiff PEREZ in an unreasonable manner when MILLAN sexually assaulted / battered Plaintiff PEREZ. .

44.    Accordingly, the seizure of Plaintiff by Defendants MILLAN and DOES 1 through 6, inclusive, by sexually assaulting / battering her, constituted an unlawful and unreasonable seizure of Plaintiff, in violation of her right to be free

from unreasonable force under the Fourth Amendment to the United States Constitution.

45.    As a direct and proximate result of the actions of Defendants MILLAN and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $7,000,000.00.

46.    The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $3,000,000.00.

## THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourteenth Amendment**
**Deprivation of Due Process**
**(Against MILLAN and DOES 1 through 6, inclusive)**

47.  Plaintiff hereby realleges and incorporates by reference by allegations set forth in paragraphs 1 through 46, inclusive, above, as if set forth in full herein.

COMPLAINT FOR DAMAGES

48. Defendants MILLAN and DOES 1 through 6, inclusive, intentionally sexually assaulted and battered Plaintiff PEREZ in a manner that was shocking to the conscience.

49. Said sexual assault and battery of Plaintiff PEREZ caused Plaintiff PEREZ to suffer injuries.

50. Accordingly, the sexual assault and battery of Plaintiff PEREZ by Defendants MILLAN and DOES 1 through 6, inclusive, constituted of violation of Plaintiff's Fourteenth Amendment rights.

51. As a direct and proximate result of the actions of Defendants MILLAN and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress; 4) incurred medical and psychological costs, bills and expenses and 5) incurred other special and general damages and expenses in an amount to be proven at trial; in excess of $7,000,000.00.

52. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

# FOURTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### FEDERAL CLAIM FOR FAILURE TO PROPERLY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
**(Against Defendant CITY)**

53.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 52, inclusive, above, as if set forth in full herein.

54.    As complained of herein above, the acts of Defendants MILLAN and DOES 1 through 6, deprived Plaintiff of her rights under the laws of the United States and The United States Constitution.

55.    The training policies of CITY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted Plaintiff, including training on using their position of power and sexual assault / battery.

56.    CITY was deliberately indifferent to the obvious consequences of its failure to train its police officer employees adequately.

57.    The failure of CITY to provide adequate training caused the deprivation of Plaintiff' rights by Defendants MILLAN and DOES 1 through 6, inclusive.

58.    CITY's failure to train is closely related to the deprivation of Plaintiff's rights as to be the moving force that ultimately caused Plaintiff' injuries.

59.     As a direct and proximate result of the actions CITY, complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $7,000,000.00.

**FIFTH CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On**
**Official Policy, Practice, Or Custom**
**(Against Defendant CITY)**

60.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 59 inclusive, above, as if set forth in full herein.

61.     As shown above, the actions of Defendants DOES 1 through 6, inclusive, deprived the Plaintiff of her particular rights under the United States Constitution, as described above.

62.     At all times complained of herein, Defendants DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Fontana Police Department / defendant CITY:  1) for using excessive force upon persons; and 2) for covering-up unlawful and tortious conduct by Fontana Police Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

63.     Said actions of said defendants were done by them under the color of state law.

64.     As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendants CITY, above-described, said defendants committed said actions complained of above.

65.     As a direct and proximate result of the actions of defendants CITY, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred expenses to repair damaged property; 4) incurred lost profits and wages, and 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $2,000,000.00.

## SIXTH CAUSE OF ACTION
### Violation of Cal. Civil Code § 52.1
### Under California State Law
### (Against All Defendants[2])

66.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 65, inclusive, above, as if set forth in full herein.

67.     The actions of Defendants DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of

---

[2] Against CITY via *respondeat superior* only.

COMPLAINT FOR DAMAGES
15

threats, intimidation, and coercion, the exercise or enjoyment by Plaintiff PEREZ of the rights secured to her by the Constitution and laws of the United States, and of the rights secured to her by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

68.    Defendants MILLAN and DOES 1 through 6, inclusive, are liable to Plaintiff PEREZ for said violations of his constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

69.    As a direct and proximate result of the actions of Defendants MILLAN and DOES 1 through 6, inclusive e, as complained of herein, Plaintiff PEREZ: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $7,000,000.00.

70.    The actions of Defendants MILLAN and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against all defendants, save for defendant CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

71.    In addition, as a result of the actions of Defendants MILLAN and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, Plaintiff PEREZ is entitled to an award of treble compensatory damages against said defendants, and each of them.

## SEVENTH CAUSE OF ACTION
**Violation of Cal. Civil Code § 1708.5**
**Under California State law**
**(Against MILLAN and DOES 1 through 6, inclusive)**

72.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 71, inclusive, abo e, as set forth in full herein.

73.    Defendants MILLAN and DOES 1 through 6, inclusive, committed a sexual battery upon Plaintiff PEREZ.

74.    Defendants MILLAN and DOES 1 through 6, inclusive, intended to cause a harmful contact with Plaintiff PEREZ and a sexually offensive contact with Plaintiff PEREZ resulted directly and/or indirectly.

75.    Defendants MILLAN and DOES 1 through 6, inclusive, caused an imminent fear of a harmful or offensive contact with Plaintiff PEREZ, and a sexually offensive contact with Plaintiff PEREZ resulted directly or indirectly.

76.    Plaintiff PEREZ did not consent to the touching and Plaintiff PEREZ was harmed by the touching.

77.    As a direct and proximate result of the actions of Defendants MILLAN and DOES 1 through 6, inclusive, Plaintiff PEREZ was: substantially

physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) incurred lost wages and profits, and 4) suffered terrible physical injury pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / si suffering lost wages and profits; all in an amount to be proven at trial; in excess of $7,000,000.00.

78.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award for punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00, save CITY.

## EIGHTH CAUSE OF ACTION
### Battery
### Under California State Law
### (Against all Defendants[3])

79.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 78, inclusive, above, as if set forth in full herein.

80.    The actions committed by MILLAN and DOES 1 through 6, inclusive, constituted the unjustified, non-consensual, sexual battery and violence upon Plaintiff PEREZ, and, therefore, constituted a battery by said above-referenced defendant officers under California state law.

_____

[3] Against CITY via *respondeat superior* only.

COMPLAINT FOR DAMAGES

81.     As a direct and proximate result of the actions of Defendants MILLAN and DOES 1 through 6, inclusive, Plaintiff PEREZ was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, bail costs and other associated costs and expenses; all in an amount to be proven at trial in excess of $7,000,000.00.

82.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save Defendant CITY, in an amount to be proven at trial in excess of $3,000,000.00.

### NINTH CAUSE OF ACTION
**Negligence**
**Under California State Law**
**(Against All Defendants[4])**

83.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 82, inclusive, above, as if set forth in full herein.

84.     As shown above, MILLAN and DOES 1 through 6, inclusive, owed a duty to refrain from sexually battering against PEREZ.

_____

[4] Against CITY via *respondeat superior* only.

COMPLAINT FOR DAMAGES

19

85.    As shown above, MILLAN and DOES 1 through 6, inclusive, breached their duty of care to PEREZ by failing to refrain from sexual battery against PEREZ.

86.    Plaintiff PEREZ had a sensory awareness of being sexually battered by Defendants MILLAN and DOES 1 through 6, inclusive.

87.    Accordingly, the actions committed by Defendants as complained of herein, constituted a breach of defendants' duty to use due care toward Plaintiff under California State Law; negligence.

88.    As a direct and proximate result of the actions of defendants, Plaintiff PEREZ: 1) was substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $7,000,000.00.

**WHEREFORE**, Plaintiff pray for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $7,000,000.00;

b) Treble damages;

c) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $3,000,000.00;

COMPLAINT FOR DAMAGES

d)  For an award of reasonable attorney's fees and costs;

e)  For a trial by jury; and

f)  For such other and further relief as this honorable court deems just

and equitable.

*/S/ Gregory Peacock*_____
GREGORY PEACOCK

COMPLAINT FOR DAMAGES